UNITED STATES *v.* LOZANO, SON & CO. (No. 1535).[1]

OFFICIAL SCALES IN DETERMINING TARE.

In determining an allowance for tare, weights taken upon scales in compliance with official duty must be accepted in preference to those taken on scales without an official status and not shown to have been tested and to be correct.

United States Court of Customs Appeals, May 24, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37194.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

It appears from the record in this case that on March 8, 1914, 132 bales of unstemmed leaf tobacco were imported into the United States from Cuba at the port of Tampa, Fla. As the importers were entitled to an allowance for tare on the goods, 15 bales of the consignment were weighed on the date of importation by the United States weigher for the purpose of ascertaining the average tare per bale and from that the total tare which should be allowed on the full number of bales imported. The report of the United States weigher shows that the tare on the 15 bales weighed by him was $159\frac{1}{2}$ pounds and that the average tare per bale was $10\frac{13}{30}$ pounds. The weigher allowed an average tare of only $10\frac{1}{2}$ pounds per bale, however, and on that basis the collector granted to the importation a total tare of 1,386 pounds and no more. The importers protested that the weigher had selected for the determination of the average tare those bales the gross weight of which most nearly approached the average gross weight, and that in so doing he had proceeded upon a wrong principle, inasmuch as it was predicated on the incorrect assumption that the heavier the bale the greater the tare. In support of their protest the importers filed with the collector and introduced at the hearing before the board a report of the tare ascertained by the United

States storekeeper stationed at the bonded factory in which the goods were apparently stored after their importation. From this report it appears that the United States storekeeper weighed 86 bales of the importation, the total tare of which he found to be 1,040¾ pounds or an average of 12.1 pounds per bale. On this average per bale the importers claim that a tare of 1,597.2 pounds should have been allowed instead of 1,386 pounds, the quantity fixed by the collector.

The Board of General Appraisers, when it was confronted with the discrepancy between the tare found by the United States weigher and that ascertained by the United States storekeeper, struck an average between the tare per bale reported by the weigher and that reported by the storekeeper, and allowed a tare of 11.88 pounds per bale, or a total tare of 1,568.16 pounds. From this decision of the board the Government appealed and now contends that the weights taken by the United States weigher and the tare reported by him must be accepted as conclusive in the absence of any evidence establishing that he proceeded upon a wrong principle in taking the weights and determining the tare. The importers made no appearance at the oral argument of the appeal and have filed no brief. We have, nevertheless, carefully examined the record for the purpose of determining the merits of the protest and we must say that we find no evidence which would justify us in holding that the weigher proceeded upon a wrong principle in ascertaining the tare or that the weights taken by him were in fact incorrect. The average tare per bale which the weigher ascertained by weighing 15 bales of the importation is, it is true, at variance with the average found by the United States storekeeper after weighing 86 bales, but as the weights ascertained by the United States storekeeper were apparently taken a month or more after the importation, his return can hardly be considered as overcoming the presumption of correctness of the weights which were officially taken by the weigher on the date of importation. And besides that, it seems that the scales used by the United States storekeeper in weighing the 86 bales were the scales of the proprietors of the bonded warehouse and no evidence of any kind was produced or offered showing or tending to show that at the time of weighing such scales had been tested and found correct. The weigher's scales, on the other hand, are required by customs regulations to be tested every six months and as often as may be necessary to keep them in conformity with the United States standard. (See Customs Regulations of 1908, arts. 1479, 1482.) Presumptively the weigher tested his scales in compliance with his official duty and presumptively they were correct when used by him, and from that it follows that the weights taken upon them must be accepted in preference to weights taken upon scales which did not have the

status of official scales and which are not shown to be tested or correct. Moreover, the fact that the discrepancy between the weights taken by the storekeeper and the weigher ran from one-half pound to $2\frac{1}{2}$ pounds per bale rather inclines us to believe that the bales weighed by the storekeeper more than a month after importation were not in the same condition as they were on the date of importation when they were weighed by the weigher. Had 86 bales of the goods been weighed on the date of importation on scales satisfactorily proven to be correct, the weights thus ascertained might possibly be regarded as some evidence that average tare could not be fairly ascertained by taking the weight of 15 bales, but in the absence of any showing to that effect we can not indulge in any such assumption. In our opinion the importers not only failed to show that the weigher proceeded upon a wrong principle in ascertaining the tare permitted by the importation, but they also failed to satisfactorily establish the incorrectness of the weights found by the weigher on the date of the importation, the date when the right to an allowance for tare accrued. As the weigher found that the total tare of 15 bales was $159\frac{1}{2}$ pounds, he should have reported $10\frac{18}{30}$ pounds as the average tare per bale, and reliquidation of the entry on the basis of a tare allowance of $10\frac{18}{30}$ instead of $10\frac{1}{2}$ pounds per bale should therefore be had.

The decision of the Board of General Appraisers is *reversed*.